Cite as: 601 U. S. \_\_\_\_ (2024)                    1

# SUPREME COURT OF THE UNITED STATES

74 PINEHURST LLC, ET AL.

22–1130                              *v.*

NEW YORK, ET AL.


335–7 LLC, ET AL.

22–1170                              *v.*

CITY OF NEW YORK, NEW YORK, ET AL.

ON PETITIONS FOR WRITS OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Nos. 22–1130 and 22–1170.    Decided February 20, 2024

The petitions for writs of certiorari are denied.

Statement of JUSTICE THOMAS respecting the denials of certiorari.

Petitioners are owners of small and midsize apartment buildings who challenge New York City's rent stabilization laws. Among other things, they argue that New York City's regulations grant tenants and their successors an indefinite, infinitely renewable lease terminable only for reasons outside of the landlord's control. Petitioners argue that they have suffered a *per se* taking as a result. The constitutionality of regimes like New York City's is an important and pressing question. There are roughly one million rental apartments affected in New York City alone. See Pet. for Cert. in No. 22–1130, p. 1; Brief in Opposition for City of New York et al. in No. 22–1130, p. 4. And, the Courts of Appeals have taken different approaches: The Second Circuit rejected petitioners' takings claims at the pleading stage, but at least one other Court of Appeals has accepted similar claims. Compare 59 F. 4th 557 (CA2 2023) (case below), with *Heights Apartments, LLC* v. *Walz*, 30 F. 4th 720 (CA8 2022).

The pleadings in these petitioners' cases, however, would

complicate our review. The petitioners' complaints primarily contain generalized allegations about their circumstances and injuries. But, to evaluate their as-applied challenges, we must consider whether specific New York City regulations prevent petitioners from evicting actual tenants for particular reasons. Similarly, petitioners' facial challenges require a clear understanding of how New York City regulations coordinate to completely bar landlords from evicting tenants. The pleadings do not facilitate such an understanding. However, in an appropriate future case, we should grant certiorari to address this important question.